IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| RICHARD L. BARON, | **CLASS ACTION** |
| Plaintiff, | |
| v. | No. 09-2-33705-5 SEA |
| APEX FINANCIAL MANAGEMENT, LLC, | **SUMMONS** |
| Defendant. | |

TO: APEX FINANCIAL MANAGEMENT, LLC, Defendant,

A lawsuit has been started against you in the above-entitled Court by the Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons, or within sixty (60) days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what has been asked for because you

SUMMONS -1



WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 15th day of September, 2009.

WILLIAMSON & WILLIAMS

By: _____
Kim Williams, WSBA #9077
Rob Williamson, WSBA # 11387

*Attorneys for Plaintiff and the Proposed Classes*

SUMMONS -2

WILLIAMSON & WILLIAMS
187 Sixth Way SW
Suite 250
Bainbridge Island, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| RICHARD L. BARON,<br>Plaintiff,<br><br>vs.<br><br>APEX FINANCIAL MANAGEMENT, LLC,<br><br>Defendant. | CLASS ACTION<br><br>NO. 09-2-33705-5 SEA<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF |
|---|---|

Plaintiff, Richard L. Baron, individually and as class representative for similarly situated individuals, alleges as follows:

### I. PARTIES, JURISDICTION, VENUE

1.1. Defendant Apex Financial Management, LLC ("Apex") is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois, and it is a collection agency.

1.2. Plaintiff Richard L. Baron is a resident of Seattle, Washington and the owner of a cellular telephone on which he receives calls, including those which are the subject of this Complaint, in various locations including King County.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF 
WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

1.3. The calls in question were received in King County, Washington.

1.4. Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution, Article 4, §6.

## II. FACTS

2.1 In or around July 2009, Defendant placed calls to Plaintiff on his cell phone.

2.2. The calls consisted of pre-recorded messages delivered by an automatic dialing and announcing device ("ADAD"). The pre-recorded message played by the ADAD identified itself as being from Defendant Apex, and concerned an alleged debt owed.

2.3. Upon information and belief, Defendant placed hundreds or more substantially similar telephone calls to the cell phones of persons in Washington State.

2.4. Upon information and belief, Defendant Apex owns automatic dialing and announcing equipment which it intends to continue to use to send messages to the cell phones of persons in Washington State.

## III. CAUSES OF ACTION

3.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

Count A. Violation of 47 U.S.C. 227(b)(1)(A)(iii)(National Class)

3.2. Defendant has violated 47 U.S.C. 227(b)(1)(A)(iii) by making unlawful calls to Plaintiff's cellular phone.

3.3. As a result of said conduct, Plaintiff and members of the National Class have sustained damages. Plaintiff and all members of the Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as incidental statutory or other damages.

\\\

\\\

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF


WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.wmwmlaw.com

**Count B. Violation of RCW 19.16.250 (Washington State Class)**

3.4. Defendant has violated RCW 19.16.250, including subsections (12) and (16) by making unlawful calls to Plaintiff's cellular phone.

3.5. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as incidental statutory or other damages.

**Count C. Violation of RCW 19.86 (Washington State Class)**

3.6. Defendant's violation of RCW 19.16.250, including subsections (12) and (16), constitutes a violation of RCW 19.86, et seq., the Washington Consumer Protection Act ("CPA").

3.7. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Under the CPA, Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as incidental and statutory damages and treble that amount as determined by law, and costs of suit and attorney's fees.

**Count D. Declaratory Relief Under The Washington Declaratory Judgment Act (RCW 7.24.010)(Washington State Class)**

3.8. Defendant used an automated dialing and announcement device to send pre-recorded messages to the cell phones of persons in Washington, including to Plaintiff's cell phone.

3.9. Plaintiff and the Classes are entitled to have their rights, status and legal relations relating to Defendant's use of an automatic dialing and announcing device established.

**IV. CLASS ACTION ALLEGATIONS**

4.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2. This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3).

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF

**WILLIAMSON & WILLIAMS**
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.wllamslaw.com

1  Plaintiff seeks to represent Classes comprised of:

2
   All persons and/or entities who received a pre-recorded telephone message
3  on their cellular telephone from Defendant sent by automatic dialing
   machine ("National Class"), at any time for the period that begins 4 years
4  from the date of this Complaint to trial; and

5  All Washington persons and/or entities who received a pre-recorded message
   on their cellular telephone from Defendant sent by an automatic dialing machine,
6  any time for the period that begins 4 years from the date of this Complaint to trial.

7
   4.3.   **Numerosity.**  Because Defendant made a large number of calls to persons
8
9  in the proposed Classes, the Classes are each so numerous that joinder of all members is

10 impracticable.

11     4.4.   **Common Questions of Law and Fact.**  The questions of law and

12 fact are the same for all class members, including whether the Defendant's conduct in

13 making collection calls with ADAD equipment violated 47 U.S.C. 227(b)(1)(A)(iii).

14
       4.5.   **The Plaintiff's Claims are Typical of the Classes.**  Plaintiff's claims are
15
16 typical of the Classes in that they arise from Defendant's repeated violation of 47 U.S.C.

17 227(b)(1)(A)(iii) and RCW 19.16.250, and the CPA as to Plaintiff and all other class

18 members.

19     4.6.   **The Plaintiff Will Fairly and Adequately Protect Classes.**  Plaintiff

20 will adequately represent and protect the interests of the Classes because he has retained

21 competent and experienced counsel and his interests in the litigation are not antagonistic

22 to the other members of the class.
23
       4.7.   **A Class Action is Maintainable Under CR 23(b)(3).**  The questions of
24
25 law and fact common to all members of the Classes predominate over questions

26 affecting only individual members of the Classes, because all members of the Classes

   were subjected to Defendant's unlawful use of one or more ADADs to their cellular

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF     WILLIAMSON & WILLIAMS

telephones. The prosecution of separate actions by individual members of the Classes against Defendant would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8. **A Class Action is Maintainable Under CR 23(b)(2).** Defendant has acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the proposed Classes of similarly situated individuals, respectfully requests that the Court enter judgment in his favor and in favor of the Classes for:

A. Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B. Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to use automatic dialing and announcement devices to send messages to cellular telephone subscribers;

\\\

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

C. Judgment against Defendant for incidental statutory damages of at least $500.00 per message sent to Plaintiff and each member of the Class of all persons who received a pre-recorded telephone message on their cellular telephone from Defendant sent by automatic dialing machine, and other damages as are permitted under federal and state law;

D. Any other or further relief which the Court deems fair and equitable.

DATED this 15th day of September, 2009.

WILLIAMSON & WILLIAMS

By _____
Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387

*Attorneys for Plaintiff and the Proposed Classes*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| Richard L. Baron | NO. 09-2-33705-5 SEA |
| VS | |
| Apex Financial Management, LLC | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

**CAUSE OF ACTION**

(TTO) -   TORT, NON-MOTOR VEHICLE

**AREA DESIGNATION**

SEATTLE -   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

| Richard L. Baron | NO. 09-2-33706-5   SEA |
|---|---|
| | Order Setting Civil Case Schedule (*ORSCS) |
| vs                    Plaintiff(s) | |
| Apex Financial Management, LLC | ASSIGNED JUDGE  Trickey              34 |
| | FILE DATE:                09/16/2009 |
| Defendant(s) | TRIAL DATE:              03/07/2011 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

**I. NOTICES**

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this *Order Setting Case Schedule* (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____
Print Name                                           Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                                       REV. 12/08   1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
All parties to this action must keep the court informed of their addresses. When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.

Order Setting Civil Case Schedule (*ORSCS)                              REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue 09/15/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing (See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Tue 02/23/2010 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue 02/23/2010 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Tue 03/09/2010 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 10/04/2010 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 11/15/2010 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon 11/29/2010 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon 11/29/2010 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Tue 01/18/2011 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 02/07/2011 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 02/14/2011 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon 02/14/2011 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Tue 02/22/2011 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 02/28/2011 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 02/28/2011 | * |
| Trial Date [See KCLCR 40]. | Mon 03/07/2011 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED: 09/15/2009

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)                REV. 12/08   3

Exhibit "A"
Page 12 of 15

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

A. **Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

B. **Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

C. **Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

A. **Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

B. **Original Documents/Working Copies/ Filing of Documents**

All original documents must be filed with the Clerk's Office. Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

_____
PRESIDING JUDGE